UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

ANDREW MOUNIR,

                Plaintiff,

    -v-

CITIGROUP GLOBAL MARKETS
HOLDINGS, INC.,

                Defendants.

21-CV-2667(JPO)

ORDER

J. PAUL OETKEN, District Judge:

    This action is dismissed without prejudice for failure to prosecute. In March 2021, pro se plaintiff Andrew Mounir sued Defendant Citigroup Global Markets Holdings, Inc. ("Citigroup") for financial losses he experienced from his investment in exchange-traded notes linked to the price of crude oil. Mounir alleges that Citigroup contributed to his financial losses through "fraudulent tracking" and "under track[ing]" a crude oil index. (Dkt. No. 1-1 ¶ 3.) In May 2021, the Court ordered the Clerk of Court to issue a summons as to Citigroup and directed the Plaintiff to serve the summons and complaint on Citigroup within 90 days of the issuance of the summons. (Dkt. No. 9.) The Court also advised Mounir that if he had not either served Citigroup within 90 days of the issuance of the summons or requested an extension of time to do so, "the Court may dismiss the claims against Defendant Under Rules 4 and 41 of the Federal Rules of civil Procedure for failure to prosecute." (*Id.*)

    The Clerk of Court issued a summons as to Citigroup on May 5, 2021. (Dkt. No. 10.) Ninety days later, the docket did not indicate whether Mounir served the summons and complaint on Citigroup, and Mounir never requested an extension of time. On August 31, 2021, the Court sua sponte issued an order giving Mounir two additional weeks to serve Citigroup. (Dkt. No. 13.)

1

Months later, the docket did not indicate whether Mounir served the summons and complaint on Citigroup.  On May 12, 2022, the Court directed Mounir to advise the Court in writing why he failed to serve the summons and complaint following the Court's August 13, 2021 order, and warning that if no communication was received by May 26, 2022 showing good cause why such service was not timely made, the Court would dismiss the case.  (Dkt. No. 14.)  The Plaintiff missed this deadline also.  It is now June 2022.

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action "if the plaintiff fails to prosecute or to comply with the rules or a court order."  *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).  It is settled that Rule 41(b) "gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute."  *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001).  Dismissal without prejudice is appropriate here.  First, Plaintiff has "caused a delay of significant duration."  *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).  It has been over a year since Plaintiff was ordered to make service.  Second, Plaintiff was "given notice that further delay would result in dismissal."  *Id.*  Third, there is prejudice where Plaintiff has caused an "unreasonable delay."  *Lesane*, 239 F.3d at 210.  Fourth, dismissal without prejudice appropriately strikes a balance "between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard."  *Id.* at 209.  Fifth, Plaintiff's disregard of prior court orders necessitates dismissal.  *See id.*

Accordingly, this action is dismissed without prejudice to refiling.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and close this case.

SO ORDERED.

Dated: June 14, 2022
      New York, New York

                                           J. PAUL OETKEN
                                     United States District Judge